IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALID RAHEEM, | ) | |
| | ) | |
| Plaintiff, | ) | 2:12cv816 |
| v. | ) | Electronic Filing |
| | ) | |
| COURT OF COMMON PLEAS, | ) | |
| ALLEGHENY COUNTY, FAMILY DIV., | ) | |
| and WOMEN'S CENTER AND | ) | |
| SHELTER, CIVIL LAW PROJECT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF COURT

Khalid Raheem ("Plaintiff"), commenced this civil rights action on June 15, 2012 against the Court of Common Pleas, Allegheny County, Family Division, and the Women's Center and Shelter, Civil Law Project ("Defendants"), by filing a Motion for Leave to Proceed *In Forma Pauperis* with an attached Complaint and a Petition for Immediate Emergency and Injunctive Relief. [ECF No. 1]. In his Complaint, Plaintiff alleges that his wife, Nabeelah Raheem, called the police following an argument between the two and threatened to falsify a "story" to the police in order to have him arrested. [ECF No. 1-1 at ¶¶ 6-7]. Plaintiff further alleged that he was "unaware" that Ms. Raheem had previously secured a Protection From Abuse ("PFA") Order against him in May 2012 from the Court of Common Pleas of Allegheny County, Family Division. [ECF No. 1-1 at ¶ 8, ECF No. 1-2]. Plaintiff alleges that he was never served with the PFA, and was subsequently evicted from his residence pursuant to terms of the PFA on June 14, 2012. [ECF No. 1-1 at ¶ 5]. As a result, Plaintiff alleges that he and his eight-year-old daughter are "homeless," and that the majority of the household items left behind are owned by him, having been acquired by him prior to his marriage to Ms. Raheem. [ECF No. 1-1 at 10-11].

Plaintiff further alleges:

The collaborative practice between the Court of Common Pleas, Allegheny
County Family Division and the Womans Center and Shelter, Civil Law Project

1

> in facilitating such a system is unfair, reckless and harmful. It invites and
> promotes abuse easily by those with ulterior motives.

[ECF No. 1-1 ¶ 12]. As for relief, Plaintiff seeks monetary damages against the Defendants *see* [ECF No. 1-1 at ¶ 13], and in his Petition for Immediate Emergency and Injunctive Relief, seeks an order from this Court allowing him to have access to his residence and have his "properties restored." [ECF No. 1-5 at ¶ 1].

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *Schneller v. Abel Home Care, Inc.*, 389 F. App'x 90, 92 (3d Cir. 2010), *cert. denied*, __ U.S. __, 131 S.Ct. 1477, 179 L.Ed.2d 302 (2011). The Court finds the Plaintiff to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

28 U.S.C. § 1915(e)(2), as amended, states in relevant part: "[t]he court shall dismiss the case at any time if the court determines that—... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 93d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim

upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Finally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Here, a review of the Plaintiff's Complaint reveals that this Court lacks subject matter jurisdiction. Plaintiff's allegations center on a previous PFA proceeding in state court, and do not identify an injury which falls within the scope of this Court's limited jurisdiction. This Court does not have jurisdiction to sit in review of a state PFA proceeding pursuant to the *Rooker-Feldman*[1] doctrine, which precludes federal courts from conducting what amounts to appellate review of state trial decisions. *See Great West Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) ("federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments"); *Mikhail v. Kahn,* __ F. Supp. 2d __, __, 2014 WL 114340 at *5 (E.D.Pa. 2014) ("Under the *Roooker-Feldman* doctrine, the Court is without power to hear [plaintiff's] claims based on the state courts' protection from abuse orders, which are now final."); *Mauro v. New Jersey Supreme Court*, 2006 WL 776783 at *2 (D.N.J. 2006) (holding that *Rooker-Feldman* doctrine precluded court from adjudicating claim alleging wrongful PFA proceedings), *appeal dismissed on other grounds*, 238 F. App'x 791, 793 (3d Cir. 2007). Accordingly, Plaintiff's Complaint against the Defendants will be dismissed.

In light of the Court's dismissal of this matter, Plaintiff's Petition for Immediate Emergency and Injunctive Relief will be denied as moot. An appropriate Order follows.

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed.2d 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

**ORDER**

AND NOW, this 15th day of May, 2014, and for the reasons set forth in the Memorandum above, IT IS ORDERED that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is hereby GRANTED. The Clerk of Court shall file plaintiff's "Complaint;" and

IT IS FURTHER ORDERED that Plaintiff's "Complaint" is DISMISSED for lack of jurisdiction and as otherwise frivolous; and

IT IS FURTHER ORDERED that Plaintiff's Petition for Immediate Emergency and Injunctive Relief is DENIED as moot.

The Clerk of Court shall mark the case closed.

*s/ David Stewart Cercone*
David Stewart Cercone
United States District Judge

cc: Khalid Raheem
1330 Sheffield Street, Apt. 1
Pittsburgh, PA 15233